## SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

## L & S PETROLEUM, INC., Thomas A. Laumann, Peter R. Maupin, Kenneth G. Hungerford, II, and Courtland Rand Michaels, Defendants.

No. CIV–77–0268–D.

United States District Court,
W. D. Oklahoma.

Oct. 18, 1977.

Richard M. Hewitt, Cecil S. Mathis, Thomas Allen Moon, Fort Worth, Tex., Maurice L. Held, Dallas, Tex., for plaintiff.

Raymond Burger and Gary Duckworth, Oklahoma City, Okl., for defendants L & S Petroleum, Inc. and Thomas A. Laumann.

John C. Buckingham, Oklahoma City, Okl., and Robert S. Travis, Fort Worth, Tex., for defendant Peter R. Maupin.

James W. Berry, Oklahoma City, Okl., for defendants Kenneth G. Hungerford, II and Courtland Rand Michaels.

## MEMORANDUM OPINION

DAUGHERTY, Chief Judge.

Plaintiff brought this action seeking to enjoin all of the Defendants from violating the registration provisions of §§ 5(a) and (c) of the Securities Act of 1933 (1933 Act), 15 U.S.C. §§ 77e(a) and 77e(c), and to enjoin Defendants L & S Petroleum, Inc. (L & S) and Thomas A. Laumann (Laumann) from violating the antifraud provisions of § 17(a) of the 1933 Act, 15 U.S.C. § 77q(a), and § 10(b) of the Securities Exchange Act of 1934 (1934 Act), 15 U.S.C. § 78j(b), and Securities and Exchange Commission Rule 10b–5, 17 C.F.R. § 240.10b–5, promulgated thereunder. On April 6, 1977, the Court entered an Order of Permanent Injunction by Consent which granted the permanent injunction against Defendants Kenneth R. Hungerford, II and Courtland Rand Michaels prayed for by Plaintiff in its Complaint. On June 8, 1977, the Court entered an Order of Permanent Injunction by Default permanently enjoining Defendants L & S and Laumann from engaging in the practices alleged in Plaintiff's Complaint. In a Stipulation filed in this case on August 23, 1977, Defendant Peter R. Maupin (Maupin) has consented to the entry of a permanent injunction enjoining him from violating § 5(a) and § 5(c) of the 1933 Act in the event the Court finds that Defendant Maupin's contentions (i. e., scienter on the part of the defendant is necessary before violations of the registration provisions of the 1933 Act will be enjoined) do not present a defense in law or equity to the relief requested by the Plaintiff. Defendant Maupin has filed herein a Memorandum in opposition to Plaintiff's Motion for Permanent Injunction and Plaintiff has filed a Brief in response to said Memorandum.

15 U.S.C. § 77e provides in pertinent part as follows:

"(a) Unless a registration statement is in effect as to a security, it shall be unlawful for any person, directly or indirectly—

(1) to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

(2) to carry or cause to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale.

.    .    .    .    .

(c) It shall be unlawful for any person, directly or indirectly, to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under section 77h of this title."

In his Memorandum in opposition to Plaintiff's Motion for Permanent Injunction, Defendant Maupin relies primarily upon *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976), and its progeny as authority for the proposition that scienter is required in an action by the SEC for an injunction to restrain violations of the registration provisions of § 5 of the 1933 Act. However, *Hochfelder* concerned violations of § 10(b) of the 1934 Act only and § 5 of the 1933 Act was not involved in the case in any manner. Therefore, in *Hochfelder* the Supreme Court decided that scienter (defined by the Court as "a mental state embracing intent to deceive, manipulate, or defraud") was required in a private action for damages under the antifraud provisions of § 10(b) of the 1934 Act. In reaching its decision, the Court examined the language and legislative history of § 10(b) and found them to be "dispositive" of the scienter question before it.

■ It is apparent from the provisions of § 5 of the 1933 Act set out above that § 5 makes violations of its provisions unlawful regardless of scienter on the part of a defendant. Furthermore, most of the post-*Hochfelder* cases cited by Defendant Maupin in support of his position considered scienter only in connection with the antifraud provisions of the Securities Acts while none of the cases involving § 5 of the 1933 Act held that scienter is required in an injunction action under § 5.

Prior to *Hochfelder,* the Tenth Circuit held in *S E C v. Pearson,* 426 F.2d 1339 (Tenth Cir. 1970), that "[p]roof of scienter or intent to defraud is not required to show violations justifying preliminary injunctive relief" under both the registration and antifraud provisions of the Securities Act.[1] Similarly, it has recently been held that a cause of action for a permanent injunction under § 5 of the 1933 Act may be predicated upon negligence alone, and scienter is not required. *S E C v. Universal Major Industries Corp.,* 546 F.2d 1044 (Second Cir. 1976).

■ In summary, it appears that *Hochfelder* expressly limited its requirement of scienter to the type of action before the Court in that case (i. e., a private action for damages under § 10(b) of the 1934 Act) and did not determine whether scienter is necessary in an action by the SEC for an injunction under § 5 of the 1933 Act. The language of § 5 of the 1933 Act clearly prohibits violations of the provisions of said section regardless of scienter on the part of a defendant. Finally, the apparent majority of cases facing the issue have held that scienter is not required in an action for injunctive relief under § 5 of the 1933 Act. Therefore, in order for Plaintiff to be entitled to the injunction it seeks in the instant case, proof of scienter on the part of Defendant Maupin is not necessary and his violation of the section alone will suffice. As the Stipulation filed herein on August

---

1. *S E C v. Pearson* is also reported at 21 A.L.R. Fed. 573 where it is followed by an annotation entitled "Element of Scienter as Affecting Action to Enjoin Violation of Federal Securities Laws." Annot., 21 A.L.R. Fed. 582 (1974). Although this annotation was written prior to *Hochfelder,* the author takes the position that the "general view" is that a showing of scienter is not essential to the issuance of a preliminary injunction to restrain violations of the antifraud provisions of the Securities Acts while the cases are divided as to the necessity of scienter in an action for a permanent injunction under the antifraud provisions. All of the cases cited by the author in connection with the registration provisions of the Securities Acts apparently held that scienter was not essential to the issuance of either a preliminary or permanent injunction to restrain registration violations.

23, 1977, reveals that Defendant Maupin has sold unregistered securities in violation of § 5 of the 1933 Act and as the Court has found that scienter on the part of Defendant Maupin is unnecessary for the injunctive relief sought by Plaintiff, the Court finds and concludes that the Order of Permanent Injunction by Consent presented to the Court in connection with the Stipulation filed herein should be entered.

It is so ordered this 18th day of October, 1977.